IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-CR-00156-M

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | ORDER |
| DARNELL WILLIAM KING, | |
| Defendant. | |

This matter comes before the court on Defendant's Motion to Dismiss for Pre-Indictment Delay [DE 47]. Defendant argues that dismissal of the indictment is proper due to the United States' alleged violations of his Fifth Amendment right to due process and his Sixth Amendment right to a speedy trial. The United States responds that Defendant fails to demonstrate both a presumptively unreasonable delay and the prejudice necessary to support dismissal of the indictment. For the reasons that follow, the court denies the Defendant's motion.

## BACKGROUND

### I. Defendant's Statement of Facts

The following is a statement of facts presented by the Defendant for purposes of his motion. On October 20, 2022, local law enforcement arrested and detained Defendant following a search of his girlfriend's (Candice McMillan) house at 408 Washington Street in Clayton, North Carolina. The investigation began in February 2022 and was led by Kenneth Kay of the Wake County Sherriff's Office. Federal agents, including from the Bureau of Alcohol, Tobacco, and Firearms (ATF) and the Department of Homeland Security (DHS), were present at the search. Defendant

was charged in Wake County with more than fifty fraud/identity theft felonies dating back to 2021, and in Johnston County with firearm offenses for possessing a weapon on October 20, 2022.

In July 2023, while Defendant was in state custody, the ATF recommended federal prosecution on the firearm offense. Two months later, in September 2023, a Wake County Superior Court lowered Defendant's bond to $600,000.00. Defendant's family was prepared to execute a bond for Defendant's release when Defendant learned that a federal detainer was placed on him, which prohibited his release. More than 200 days later, a federal grand jury indicted Defendant on May 7, 2024. Defendant had spent 565 days in state custody (18 months and 17 days) before the grand jury returned the Indictment charging him with eighteen fraud offenses and one firearm possession charge. *See* Indictment, DE 1.

## II.    Procedural History

Defendant initially appeared before the Honorable James E. Gates, U.S. Magistrate Judge, on May 30, 2024. DE 12. Defendant was appointed counsel and advised of his rights, the charges against him, and the maximum possible penalties. At Defendant's request, the detention hearing was continued from June 4, 2024, to June 13, 2024, at which Judge Gates heard evidence and granted the United States' motion for detention pending trial. DE 24. Although represented by counsel, Defendant filed pro se notices and motions for relief, including repeated requests for the grand jury transcript, between June and October 2024. At defense counsel's request, the court extended pretrial motions deadlines, continued the arraignment date, and held a conference on November 6, 2024, at which it addressed Defendant's pro se filings. The present motion and a motion to suppress (addressed in a separate order) were filed on November 15, 2024, and after the court granted an unopposed extension of time, the United States filed its response. The court is now fully apprised.

2

## ANALYSIS

Rule 48(b) of the Criminal Rules of Civil Procedure provides, in pertinent part, that "[t]he court may dismiss an indictment, information, or complaint if unnecessary delay occurs in . . . bringing a defendant to trial." Here, Defendant invokes both the Fifth Amendment and the Sixth Amendment in arguing that the United States' "delay" before indicting him on May 7, 2024, supports his request for dismissal of the indictment.

### I. Speedy Trial under the Sixth Amendment

The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. CONST. amend. VI. To establish a violation of this right, a defendant must show first that "the Amendment's protections have been activated by an 'arrest, indictment, or other official accusation.'" *United States v. Burgess*, 684 F.3d 445, 451 (4th Cir. 2012) (quoting *United States v. Woolfolk*, 399 F.3d 590, 597 (4th Cir. 2005). When, as here, the action is commenced by indictment, "[t]he Speedy Trial Act ('STA') requires courts to begin the trial of criminal defendants within seventy days of the defendant's indictment or initial appearance—whichever is later." *United States v. Lewis*, No. CV 3:24CR61 (RCY), 2024 WL 4884419, at *2 (E.D. Va. Nov. 25, 2024) (citing 18 U.S.C. § 3161(c) & (h)).

This matter triggered the STA clock on May 31, 2024, the day after the Defendant's initial appearance. *See id.* at *3 (citing *United States v. Stoudenmire*, 74 F.3d 60, 63 (4th Cir. 1996) ("[T]he day of the event that triggers the STA clock, i.e., the filing or opening of the indictment or the initial appearance, is not included in the calculation; the clock begins to run the following day.")). In his motion, Defendant simply mentions alleged violations by the United States of his Sixth Amendment right to a speedy trial without reference to any date or period following May 31, 2024. *See* DE 47 at 1, 3, and 5. In fact, Defendant's argument appears to be solely focused on

3

the time period "pre-indictment" and, thus, any application of the STA and the Sixth Amendment in this instance is improper and fails to persuade the court that dismissal of the indictment is appropriate. *Cf. United States v. Villa*, 70 F.4th 704, 714 (4th Cir. 2023) (defendant's "right to a speedy trial on the crime charged in the . . . indictment attached when the prosecution obtained that indictment"). Defendant's motion seeking dismissal under the STA and/or Sixth Amendment is denied.

## II. Due Process under the Fifth Amendment

In the Fourth Circuit, courts conduct a two-pronged inquiry to evaluate a defendant's claim that pre-indictment delay violated his right to due process. *United States v. Uribe-Rios*, 558 F.3d 347, 358 (4th Cir. 2009) (citing *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 403 (4th Cir. 1985)). First, courts must ask whether the defendant has satisfied his burden of proving substantial "actual prejudice." *Id.* Substantial actual prejudice requires a defendant to meet a "heavy" burden to show "not only that the prejudice was actual, as opposed to speculative, but also 'that he was meaningfully impaired in his ability to defend against the [government's] charges to such an extent that the disposition of the criminal proceeding was likely affected.'" *Villa*, 70 F.4th at 715–16 (quoting *Jones v. Angelone*, 94 F.3d 900, 907 (4th Cir. 1996)).

Second, if that threshold requirement is met, courts consider the government's reasons for its delay, balancing the prejudice to the defendant with the government's justification for delay. *Uribe-Rios*, 558 F.3d at 358 (citation omitted). "The basic inquiry then becomes whether the Government's action in prosecuting after substantial delay violates fundamental conceptions of justice or the community's sense of fair play and decency." *Id.* (cleaned up); *see also United States v. Lovasco*, 431 U.S. 783, 790 (1977).

4

The court finds that Defendant fails to meet his heavy burden to demonstrate a Fifth Amendment due process violation. He argues that that "the 565-day delay between his arrest in state court on related charges and the Indictment return in the Eastern District of North Carolina violates his Fifth Amendment right to the due process of law" in that (1) "it is far more difficult, if not impossible for [defense] counsel to locate all of the potential witnesses who may have information about the conduct of Loretta James and her criminal organization" and "who could have disputed the government's theory of the conspiracy"; (2) "those who can be interviewed will certainly have less reliable and vivid memories of the details and events of 2021 and 2022"; (3) "[t]his is a white-collar case, and defendant's emails, texts, communications and transactions are necessary as part of his defense" and "[t]hey will be impossible to recover at this point"; (4) during his incarceration, Defendant "has been unable to access his personal records, or to otherwise assist in his defense"; (5) "his state court custody was merely a holding pattern as he waited for the federal government to indict him" and "[h]e received no due process for the entirety of the 565 days he was in state custody"; and (6) "[f]ederal agents were part of this investigation from the start, and thus the delay cannot be justified by any need to bring them on board or to conduct their own investigation." DE 47 at 3-4. According to Defendant, "the only rational explanation for the pre-indictment delay was to allow exculpatory witnesses to move on and be more difficult to locate, allow still available potential witnesses' memories to fade, or to otherwise prejudice Mr. King in defending himself in this federal indictment." *Id.* at 4-5.

Defendant's arguments are ineffectual. He fails to identify a single unavailable witness, unrecoverable communication, or lost record that might support his defense and/or dispute the United States' theory of the case. *See Uribe-Rios*, 558 F.3d at 358 (defendant failed to establish that pre-indictment delay resulted in the unavailability of any records, witnesses, or other evidence:

5

"Appellant admitted he was 'unsure' whether immigration records had been lost and could not identify any witnesses who were no longer available to testify."); *see also United States v. Conrad*, 760 F. App'x 199, 205 (4th Cir. 2019) (allegations that delay caused the loss of certain records, the failure of witnesses to recall events, and the loss of other evidence "essential" to the defense were insufficient to meet burden of showing actual prejudice). Defendant does not dispute that the related state charges were promptly filed and he was represented throughout the state court proceedings; thus, his contention that he is unable to locate evidence and/or interview witnesses is disingenuous.

Further, Defendant's contention that he has been unable to access his personal records due to his incarceration could be true for every defendant detained prior to trial and does not establish actual prejudice, particularly in that Defendant fails to demonstrate why or how his personal records are necessary for his defense. *See United States v. Shealey*, 641 F.3d 627, 634 (4th Cir. 2011) (defendant must demonstrate "actual prejudice, as opposed to mere speculative prejudice" to be entitled to dismissal of indictment under Due Process Clause of Fifth Amendment). Finally, Defendant's conclusory statement that he received no due process throughout his state custody and his argument that federal agents have been involved in his charges "from the start" appear to be relevant only to the second prong of a Fifth Amendment evaluation and do not touch on whether Defendant will be able to defend himself at trial.[1] *See United States v. Kumar*, No. 4:17-CR-5-FL,

---

[1] To the extent that Defendant relies on any delay caused by the action or inaction of state authorities in prosecuting him on the state charges, such delay is not attributable to the charges brought by the federal government. *See United States v. Burson*, No. 2:12-CR-00026-MR-DLH, 2013 WL 1798103, at *2 (W.D.N.C. Apr. 29, 2013) (citing *United States v. Mejias*, 552 F.2d 435, 441–42 (2nd Cir. 1977) (recognizing "that the federal government is not bound by the actions of state authorities" and thus finding "no reason to fault the [federal] government for the delay in the state proceedings")).

2018 WL 3025946, at *5 (E.D.N.C. June 18, 2018) (citing *United States v. Automated Med. Labs., Inc.*, 770 F. 2d. 399, 403 (4th Cir. 1985)).

In sum, Defendant fails to meet his heavy burden to demonstrate that his pre-indictment incarceration has caused him substantial actual prejudice sufficient to establish a Fifth Amendment violation of his right to due process. In this respect, Defendant's motion to dismiss the indictment is denied.

## CONCLUSION

Defendant articulates no appropriate basis on which to dismiss the Indictment under the Sixth Amendment and fails to demonstrate that his Fifth Amendment due process rights have been violated during his pre-Indictment incarceration. Accordingly, Defendant's Motion to Dismiss [DE 47] is DENIED.

SO ORDERED this \_\_\_3d\_\_\_ day of January, 2025.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE